**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GABRIEL VELAZQUEZ-FLORES,

    Defendant-Appellant.

No. 05-1310

District of Colorado

(D.C. No. 04-CR-084-RB-01)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Gabriel Velazquez-Flores was sentenced to 120 months in prison—the statutory mandatory minimum—after he pleaded guilty to conspiring to distribute, and possession with intent to distribute, one kilogram or more of a mixture or substance containing a detectable amount of heroin, a violation of 21 U.S.C. §

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

846. In his plea agreement, Mr. Velazquez-Flores acknowledged that the mandatory minimum sentence for this crime was ten years and that the maximum sentence was life in prison. The district judge, before accepting his plea, reviewed the "Statutory Penalties" portion of the plea agreement with Mr. Velazquez-Flores and asked him if he understood those minimum and maximum prison sentences. Mr. Velazquez-Flores said that he did. *Id.*

Despite repeatedly acknowledging that his guilty plea would subject him to a minimum ten-year prison sentence, Mr. Velazquez-Flores now appeals, seeking a shorter prison sentence. *See* Appellant's Supplemental Opening Br. Pursuant to *Anders v. California*, at 9 ("In this appeal, Mr. Velazquez-Flores desires only a lower sentence."). His trial counsel has filed a brief based on *Anders v. California*, where the Supreme Court held that "if counsel finds [an appeal] to be wholly frivolous, after a conscientious examination of it, he should so advise the Court and request permission to withdraw." 386 U.S. 738, 744 (1967). Mr. Velazquez-Flores's attorney states that he "can find no non-frivolous issues to be raised in support of [seeking a lower sentence] since Mr. Velazquez-Flores received the minimum mandatory sentence permitted by law." Appellant's Corrected Opening Br. Pursuant to *Anders v. California*, at 7.

After reviewing the record, Mr. Velazquez-Flores's brief, and his counsel's *Anders* brief, we agree that there are no non-frivolous arguments that support Mr. Velazquez-Flores's efforts to secure a reduced sentence. His ten-year prison

sentence was a necessary concomitant to his knowing and voluntary guilty plea and was the shortest allowed by law. *See* 21 U.S.C. §§ 846, 841(b)(1)(A). We therefore **GRANT** the motion of Mr. Velazquez-Flores's attorney to withdraw and **DISMISS** the appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge